GARWOOD *vs.* THE OVERSEERS OF THE POOR OF THE
TOWNSHIP OF WATERFORD.

1. It is not necessary that a bastard should be adjudged a pauper under the 9th section of the poor law act (*Nix. Dig.* 609) before the justices can take proceedings for the relief of the township.

2. The township where a bastard is born may take proceedings for the relief of the township, notwithstanding the 4th section of the poor law act, (*Nix. Dig.* 607,) and the 2d section of the act of 1851, *Nix. Dig.* 60.

Garwood v. Township of Waterford.

3. Nor is it necessary that the township should have actually paid money for the lying-in expenses of the mother before proceedings are instituted for its relief, by an order upon the putative father to pay it; it is sufficient if the township has promised to pay them.

On *certiorari* to the Camden Sessions in matter of bastardy.

Argued at November Term, 1855, before Justices OGDEN, RYERSON and VREDENBURGH, and decided at February Term, 1856.

*P. L. Voorhees,* for plaintiff in *certiorari.*

*Dudley,* for defendants.

The opinion of the court was delivered by

VREDENBURGH, J. The child was born, July 21st, 1854, in the township of Waterford. The mother was a minor, whose legal settlement was in the township of Gloucester, where she had always resided with her father. She went on a temporary visit to her brothers, in Waterford, three months before the child was born, and stayed there eleven weeks after. She has no property, and had always been supported by her father. The brother applied to the overseer of Waterford, who told him to provide for the mother and child, and he should be paid. The proceedings were instituted, by the overseer, to indemnify the township; and the justices, on the 2d September, 1854, made an order that Garwood pay $25 to the overseers, upon notice, for lying-in expenses and maintenance of the child to the date of the order, and $2 per week for sustenance, so long as chargeable, and to the mother, one dollar per week, which was affirmed in the sessions, in January Term, 1855. The proceedings were instituted, by the overseer, to indemnify the township. There had been no order adjudging the child and mother to be paupers, nor has

any money, as yet, been actually paid. The doctor told the overseer that the mother could not be moved.

Two reasons are assigned for reversal—first, because the child and mother had not been adjudged by a justice to be paupers: second, because the child was not settled in Waterford, but in Gloucester.

As regards the first question, the counsel rely on the 9th and 27th sections of the poor law (*Nix. Dig.* 609 and 614.)

I cannot find any authority requiring a bastard to be first adjudicated a pauper, and I am not aware of any legal proceeding wherein it has ever in fact been done. No forms of proceedings recommend it; all the forms and directions are the other way. The proceedings in fact, under the poor laws, are an entirely different thing from those under the bastardy acts. The object of the one is to relieve the poor, the object of the other is to relieve the township. The object of the 9th section of the poor laws is to have a proper adjudication as to who are paupers and entitled to charitable relief. The object of the first section of the bastardy act is to relieve the township from the support of illegitimate children. The poor law act vests the power of adjudicating who shall be paupers in one justice, upon application of the overseer. The bastardy act gives the power of determining who are chargeable to the town as bastards to two justices of the peace.

As to the second reason. The child was born in Waterford. The act expressly provides that the justices shall take order for the relief of the township where the bastard shall be *born*, and the authorities are numerous that relief under this act can be taken for no other. It is contended, however, that the 4th section provides that bastards shall be settled in the place of the last legal settlement of the mother.

But, in the first place, this applies only to where the question comes up upon the application by the bastard,

Garwood v. Township of Waterford.

as a pauper, for relief under the poor laws, and not to proceedings had by virtue of the bastardy act. In the second place, the question contemplated by the said 4th section is one between township and township. It is provided for the benefit of Waterford, and not of the putative father. If the father should die, and leave no estate, or if, for any reason, Waterford should wish to be clear of the trouble, she might claim the benefit of this section, but not the father. It was not intended for his benefit, or to be compulsory upon Waterford. She could waive the right, and hold the father liable as before the statute was passed.

Again. It is insisted that the act of 1851 (*Nix. Dig.* 60) alters the former rule. But it is apparent that the remedy given by the 2d section of that act is only cumulative. It does not give any less remedy to Waterford, but an additional one to Gloucester. It is insisted that no money has been actually paid by the township of Waterford, but it has agreed to pay, and is legally responsible.

The judgment must be affirmed.

CITED *in Gaskill* v. *Overseer, &c., of Downe.* 4 *Vr.* 358; *McCoy,* v. *Overseer, &c., of Newton,* 8 *Vr.* 134.